**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

THRISTON NELSON

     Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

     Defendant.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Thriston Nelson, by and through undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits this Complaint against the above-named Defendant.

### PARTIES

1.     Plaintiff, Thriston Nelson, is a natural person and citizen of the State of Colorado, who resides in Salem, Oregon, with a current mailing address of 460 Lorida Avenue, Salem, Oregon 97302-5460.

2.     Defendant, the Hartford Life and Accident Insurance Company ("Hartford") is a corporation and/or similar business entity which regularly conducts business in the State of Colorado, including but not limited to the advertisement, sale, processing and adjustment of group disability insurance claims.  The Defendant's registered agent for service of process is the Colorado Division of Insurance, 1560 Broadway, Denver, Colorado 80202.

## JURISDICTION AND VENUE

3.      At all pertinent times, Defendant administered and/or insured an employee benefit plan which provides long-term disability ("LTD") and other insurance benefits to employees of T-Mobile Usa, Inc., a corporation which does business throughout the State of Colorado ("T-Mobile").  Upon information and belief, the Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.,* ("ERISA").  Upon further information and belief, the Plan has delegated to Defendant Hartford its obligation to make all benefit decisions at issue in this claim, and Defendant also acts as the Plan's insurer.

4.      At all pertinent times, Plaintiff was a full-time employee of T-Mobile and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

5.      Thus, and at all pertinent times, and by virtue of said employment, Plaintiff was covered by the provisions of the Plan, including coverage for long-term disability ("LTD") benefits subject to the terms and conditions of the policy issued by Defendant to T-Mobile.

## JURISDICTION AND VENUE

6.      This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including his rights under ERISA and the subject ERISA Plan/policy, pursuant to 29 U.S.C. §1132, ERISA §503.

7.      Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein Plaintiff resides, and wherein Defendant regularly conducts business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## **STATEMENT OF THE FACTS**

8.     At all pertinent times, Plaintiff was employed by T-Mobile as a customer service representative, which is a position that required various tasks including but not limited to extensive interaction with co-workers, customers, use of a phone and computer and the like.

9.     Plaintiff began work at T-Mobile in or around March of 2019.

10.     Thereafter, Plaintiff was in a motor vehicle-pedestrian accident, and was later diagnosed with various injuries and with post-traumatic stress disorder, anxiety and depression, which caused cognitive issues, severe irritability and anger management issues.

11.     These issues prohibited Plaintiff from continuing to perform the requirements of his job at T-Mobile on a regular, full-time and consistent basis, as of August 3, 2020. Symptoms included difficulty with memory and attention to detail; irritability; and the inability to cope with stress, fast-paced situations, co-workers and customers.

12.     Plaintiff's position requires the ability to work on a full-time basis, including but not limited to the ability to perform the tasks referred to above on a consistent basis.

13.     As the aforementioned conditions prevented him from working on a full-time and regular basis, and from otherwise performing the other material requirements of his own occupation, Plaintiff applied to his employer for short-term disability benefits, which were approved, and paid in full.

14.     Thereafter, Plaintiff applied for LTD benefits with the effective disability date of February 2, 2021.

15.     The Plan provides for LTD if, due to sickness or injury, the employee is disabled from his own occupation during the Plan's own occupation period of 24 months (and thereafter if disabled from any gainful occupation).

16.     At all pertinent times Plaintiff:

    a.     Suffered from a sickness/illness; and

    b.     Was unable to perform the essential duties of his own occupation (due to said sickness.

17.     The Plan also provides that (during the first year of coverage) claims based on pre-existing conditions are excluded.

18.     The Plan provides, however, that pre-existing conditions are covered if they were untreated for 3 consecutive months during the first 12 months of coverage (the "look back period").

19.     Plaintiff had an intermittent history of depression several years earlier (but not receive treatment of have symptoms during his look back period).

20.     On or about May 12, 2021, Defendant denied Plaintiff's claim for LTD benefits, contending Plaintiff had failed to provide an adequate proof of loss because he failed to establish that his claims were not barred by the policy's pe-existing condition exclusion.

21.     Defendant states specifically that it had not received enough information to determine if Plaintiff had a pre-existing condition and/or to determine if the above-exception applied; and denied LTD as a result.

22.     Thereafter, Plaintiff timely submitted the various appeals required by the Plan document and requested a review of his claim. Plaintiff provided additional medical

documentation and other information in support of his claim, including medical records from his treating physicians.

23.     Plaintiff also included additional information with his appeals, including information demonstrating the nature and extent of his ongoing disability.

24.     Specifically, Plaintiff provided complete copies of his medical records demonstrating no prior treatment for his disabling conditions during the relevant "look back" period.

25.     Plaintiff also provided Defendant with unlimited medical releases.

26.     Defendant refused to alter its position and issued its final denial of Plaintiff's claim on or about December 16, 2021.

27.     Defendant acknowledged it received the medical and other records requested, and the medical authorization, but states it did not receive Plaintiff's pharmacy records.

28.     In its December 16, 2021 letter, Defendant stated that Plaintiff's pharmacy had advised it that it could obtain the records, and/or ask Plaintiff to go to the pharmacy to get a print out. Defendant did not advise Plaintiff of this conversation.

29.     Defendant further sated that it did not deny benefits based on the pre-existing condition provision, contrary to its May 12, 2021 letter.

30.     At no time between when Plaintiff provided the medical release to permit Defendant to obtain pharmacy records, and the December 16, 2021 denial, did Defendant advise it was unable to obtain the records, or advise Plaintiff of the communication with the pharmacy, or request additional time to obtain the pharmacy records.

31.     Defendant's determination is against the weight of medical evidence, including but not limited to the opinions of Plaintiff's physicians and/or healthcare providers, and/or medical restrictions on Plaintiff's activities.

32.     Defendant has unreasonably denied benefits without any evidence that Plaintiff did not have a pre-existing condition.

33.     Defendant has ignored all evidence indicating that, even if Plaintiff had a pre-existing condition, he had three consecutive months with no treatment.

34.     Defendant's determination was otherwise erroneous, and/or arbitrary and capricious in that Defendant failed to consider all pertinent medical and/or other evidence indicating that Plaintiff's medical condition prevents him from engaging in his own or any other general occupation.

35.     Defendant has unreasonably refused to pay LTD benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff, subsequent to Defendant's denial of benefits.

36.     Plaintiff has exhausted all Administrative Appeals provided by the Plan per defendant's December 16, 2021 letter, and this action is timely filed.

37.     Plaintiff has been damaged by Defendant's wrongful conduct, including that he has lost needed LTD benefits.

**CLAIM FOR RELIEF:**
**VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS**
**PLAINTIFF V. DEFENDANT**

38.     At all pertinent times, Plaintiff was covered by the Plan, which included coverage for LTD benefits, as set forth above.

39.     At all pertinent times, Defendant was a claim fiduciary, fiduciary and/or administrator of the Plan, and/or claim administrator, within the meaning of ERISA.

40.     Defendant was otherwise delegated the authority to administer claims for LTD benefits by the Plan.

41.     At all pertinent times, Plaintiff met the criteria for LTD under the Plan including that he was unable to perform the functions of his own occupation and provided reasonable documentation (medical or otherwise) of that fact.

42.     Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

43.     Defendant's wrongful conduct includes, but is not limited to:

A.     Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians and/or healthcare providers;

B.     Failing to provide an adequate review and appeal;

C.     Failing to act in Plaintiff's best interests;

D.     Failing to consider credible evidence of functional impairments;

E.     Failing to reasonably interpret and apply the terms of the Plan;

F.     Failing to advise Plaintiff of pertinent communications;

G.     Issuing a final decision without obtaining pertinent records;

H.     Failing to conduct a reasonable investigation; and/or

I.     Otherwise failing to reasonably and properly interpret and implement all Plan provisions.

44.     As a matter of law, Defendant has an inherent conflict of interest in this matter as claims administrator and guarantor.

45.     Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost LTD benefits.

**DAMAGES**

46.     The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to:  Past and future economic damages, including but not limited to loss of LTD benefits.  Plaintiff has also incurred attorney's fees and costs as a result of Defendant's conduct.

WHEREFORE, Plaintiff requests judgment and damages against Defendant Hartford and/or the Plan as follows:

A.     A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;

B.     An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant to make Plaintiff whole and/or to return them to the position Plaintiff would have obtained in the absence of Defendant's wrongful conduct;

C.     Retroactive reinstatement LTD benefits and payment of all back due benefits pursuant to ERISA §502(a)(1)(b), as well as an order, requiring Defendant to process Plaintiff's claim for future LTD disability benefits.

D.      Reasonable attorneys' fees and costs, including but not limited to witness

fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or

other applicable case law;

E.      Interest on any awards at the highest rate allowed by law as provided in

ERISA §502(G)(1), 29 U.S.C. §1132(g)(1); and

F.      Such other and further relief as this Court deems just and appropriate.

Dated this 11th day of January, 2022.

SILVERN & BULGER, P.C.

*s/Thomas A. Bulger, Esq.*

_____

Thomas A. Bulger, Esq.
Counsel for Plaintiff
363 South Wadsworth Boulevard, Suite 205
Lakewood, Colorado 80226
(3030 292-0044
Facsimile (303) 292-1466
Email: counsel@silvernbulger.com

**Plaintiff's address:**

460 Lorida Avenue
Salem, Oregon 97302-5460